**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | | |
|---|---|---|
| **UNDER ARMOUR, INC.** | ) | |
| 1020 Hull Street | ) | |
| Baltimore, Maryland 21230, | ) | CIVIL ACTION NO. |
| | ) | 14-731 |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL** |
| v. | ) | **DEMANDED** |
| | ) | |
| **MECHANIX WEAR, INC.** | ) | |
| 28525 Witherspoon Pkwy | ) | |
| Valencia, California 91355 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff, Under Armour, Inc. ("Under Armour"), alleges as follows, upon actual

knowledge with respect to itself and its own acts, and upon information and belief as to all other

matters:

**NATURE OF THE ACTION**

1.      This is a civil action for trademark infringement, trademark dilution, false

advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and

Maryland statutory and common law.  Under Armour seeks equitable and monetary relief from

Defendant's willful violations of Under Armour's trademark rights in its famous UNDER

ARMOUR and other ARMOUR-formative marks.  Defendant has been offering for sale,

selling, and promoting gloves under the WINTER ARMOR, WINTER ARMOR PRO, and

ARMORCORE marks in violation of Under Armour's trademark rights.  Making matters worse,

Defendant misuses the ® symbol (reserved just for federally registered trademarks) with

WINTER ARMOR—even though it has not registered that mark, let alone applied for its registration.

## PARTIES

2.      Plaintiff Under Armour, Inc. is a Maryland corporation with a principal place of business at 1020 Hull Street, Baltimore, Maryland 21230.

3.      Defendant Mechanix Wear, Inc. is a California corporation with an address at 28525 Witherspoon Pkwy, Valencia, California 91355.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  Because Under Armour is a citizen of the State of Maryland, Defendant is a citizen of the State of California, and the matter in controversy exceeds $75,000, exclusive of interest and costs, the Court also has jurisdiction under 28 U.S.C. § 1332.  The Court has supplemental jurisdiction over Under Armour's state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

5.      This Court has personal jurisdiction over Defendant based on its continuous and systematic contacts with Maryland, including its sale of products through stores in Maryland and shipment of products into Maryland.  This Court also has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business in Maryland.  Defendant (directly or through authorized agents) offers products bearing the marks that are the subject of this lawsuit through its website and/or through stores located in Maryland and uses those marks to promote and advertise its products in Maryland (and elsewhere).  Under Armour's claims arise, in part, out of Defendant's contacts with Maryland.

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Under Armour's claims have occurred and are continuing to occur in this District and Under Armour's trademarks at issue are located in this District, where Under Armour maintains its principal place of business.

## UNDER ARMOUR, ITS PRODUCTS, AND ITS FAMOUS TRADEMARKS

7.      Under Armour is one of the world's most successful, popular, and well-known providers of performance apparel, footwear, sporting goods, and accessories.  Through Under Armour's innovative use of advanced engineering and technology, it has revolutionized the performance-product industry.  In 2013 alone, Under Armour sold more than $2.33 billion worth of products.

8.      Since at least as early as 1996, Under Armour has continuously used and promoted the UNDER ARMOUR name/mark for apparel.

9.      Over the years, Under Armour has expanded to a wide range of other products and services, including but not limited to a full line of athletic clothing, footwear, and headwear; gloves; accessories; safety gear; tactical gear; workwear; hunting gear; and sports equipment. The distinctive UNDER ARMOUR name/mark has been used and promoted across Under Armour's extensive product line.

10.     Among its products, Under Armour has offered a variety of UNDER ARMOUR and ARMOUR-branded gloves, including cold-weather, work, utility, tactical, hunting, football, lacrosse, and baseball gloves.

11.     Reflecting its significant growth and expansion over the years, Under Armour owns federal trademark registrations and/or applications for its UNDER ARMOUR mark

covering a wide array of products and services, including products/services in Classes 3, 5, 9, 10, 14, 16, 18, 21, 22, 24, 25, 26, 28, 32, 35, and 41.

12.     In addition to its UNDER ARMOUR name/mark, Under Armour has used and promoted the ARMOUR mark alone and numerous other ARMOUR-formative marks in connection with its wide range of products and services, including, for example, ARMOUR, ARMOURBLOCK, ARMOUR STRETCH, ARMOURSTORM, ARMOUR GRABTACK, ARMOUR REACTACK, ARMOURMESH, BABY ARMOUR, GAMEDAY ARMOUR, OFFSHORE ARMOUR, ARMOUR FLEECE, ARMOUR SELECT, ARMOURLOFT, ARMOURGRID, ARMOURGRIP, ARMOURCHILL, ARMOURSIGHT, and ARMOURSTEALTH, among others.  These ARMOUR-formative marks have been used and promoted individually and/or as a family of ARMOUR marks.

13.     Under Armour has sold billions of dollars worth of products under the ARMOUR mark, UNDER ARMOUR mark, and family of other ARMOUR-formative marks (individually and collectively, the "ARMOUR Marks").  Under Armour's products are promoted, offered, and sold nationwide in connection with the ARMOUR Marks through a wide variety of retail means, including but not limited to thousands of retail stores.  These retail stores include national, regional, independent, and specialty retailers such as *Bass Pro Shops, Cabela's, Galls, The Sportsmen's Guide, Foot Locker, Finish Line*, *The Sports Authority*, *Dick's Sporting Goods, Modell's, Hibbett Sports, Nordstrom*, and *The Army and Air Force Exchange Service*.

14.     Under Armour's products are also offered and sold in connection with its ARMOUR Marks through the websites and mail order catalogs of many of its retailers; Under Armour's own retail and factory UNDER ARMOUR stores; and Under Armour's websites, catalogs, and toll-free call center.

15.     For years, Under Armour has spent tens of millions of dollars annually advertising and promoting its ARMOUR Marks and products to the general public.  Under Armour has widely and extensively promoted its ARMOUR Marks and products through virtually every available type of media, including but not limited to print publications, signage, television, and/or the Internet.

16.     With respect to print publications and signage, Under Armour has advertised and promoted its ARMOUR Marks and products in a wide variety of nationally circulated magazines and newspapers, including but not limited to *People, Cosmopolitan*, *Glamour*, *Men's Health*, *Runner's World, Sports Illustrated*, *ESPN the Magazine, Shape*, *Women's Health, The New York Times, The Washington Post, USA Today, The Los Angeles Times*, and *The Chicago Tribune*.  Moreover, Under Armour advertises in such hunting, fishing, and tactical publications as *Marlin Magazine*, *Sport Fishing Magazine*, *Saltwater Sportsman*, *Bowhunting World*, *The Whitetail Journal*, *The Cabela's Outfitter Journal*, *The Cabela's Outdoor Adventures*, *Sportsmans Voice*, *Backcountry Hunters & Anglers*, *Deer & Deer Hunting*, *Western Hunter*, *The Bugle*, *Petersen's Bowhunting*, *N.A. Whitetail*, *Wildfowl*, *Bowhunter*, and numerous state fishing/hunting guides (e.g., *Maryland Hunting*, *Michigan Fishing*, *Tennessee Fishing*, *Connecticut Fishing*, *Georgia Hunting*, etc.).  Further, the ARMOUR marks have been featured on billboards and other signage in various cities, including but not limited to Baltimore, Philadelphia, and New York City's Times Square.

17.     Under Armour has advertised and promoted its ARMOUR Marks and products through television commercials, including television commercials during the Super Bowl, product placement in popular movies, national television programs, including the *Ridge Reaper*

hunting show on the Outdoor Channel, video games, and coverage of sporting events featuring its branded products, among other means.

18.     Under Armour also promotes and showcases its ARMOUR Marks and products on its websites.  And Under Armour's ARMOUR Marks and products are advertised and/or sold through many of its retailers' websites, including but not limited to the websites used by *Nordstrom, Macy's*, *The Sports Authority*, *L.L. Bean, Bass Pro Shops, Dick's Sporting Goods*, *City Sports, Midway USA, Big 5 Sporting Goods*, and *Modell's*, and third-party shopping websites such as AMAZON.COM, ZAPPOS.COM, BACKCOUNTRY.COM, SKIS.COM, and EBAY.COM.

19.     Sponsorships, outfitting agreements, and individual athlete agreements represent another significant form of advertising and promotion by Under Armour.  Under Armour's ARMOUR Marks are promoted through high-profile athletes and teams at the youth, collegiate, professional, and Olympic levels.  Under Armour sponsors outdoor athletes including the Duck Commanders and the popular television show *Buck Commander*.

20.     Since 2006, Under Armour has been an authorized supplier of footwear to the NFL and is currently also the official performance footwear supplier to the MLB and authorized supplier of gloves to the NFL.

21.     In addition to its own substantial advertising and promotional activities, Under Armour and its ARMOUR Marks and products have received and continue to receive widespread unsolicited media coverage.  Indeed, many of the athletes, teams, and sporting events sponsored by Under Armour appear on nationally broadcast television programs and in widely circulated publications, exposing tens of millions of consumers to the ARMOUR Marks.

22.    Under Armour has received numerous awards for its commercial success in connection with the development of its innovative and technologically enhanced products.

23.    As a result of its distinctive nature, and thus inherent strength; widespread advertising, publicity, promotion, and sales; and longstanding and extensive use and recognition, the UNDER ARMOUR mark has been well known and famous for years.

24.    In *Under Armour, Inc. v. Bode*, Opp. No. 91178653 (TTAB May 21, 2009), the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (PTO) expressly acknowledged the fame of the UNDER ARMOUR mark.

25.    Since at least 2004, Under Armour has been using its ARMOUR Marks on various types of gloves that have, over the years, expanded to include cold-weather gloves, work gloves, utility gloves, snowboard gloves, ski gloves, training gloves, running gloves, golf gloves, lacrosse gloves, football gloves, field hockey gloves, and camouflage, hunting, and tactical gloves, among others.  The ARMOUR Marks Under Armour has used over the years on its gloves include ARMOUR, UNDER ARMOUR, ARMOURSTORM, ARMOUR TOUCH, ARMOURBLOCK, UNDER ARMOUR (and Design), and ARMOURMESH, among others.

26.    Currently, on its website alone (*available at* http://www.underarmour.com/shop/us/en/search?q=glove), Under Armour offers over 60 different types of gloves:



27.    Below are several representative examples of ARMOUR-branded gloves offered

by Under Armour, including winter and protective/utility gloves:





## MEN'S ARMOUR™ DERECHO II MITT

★★★☆☆ (6)   💬 Q&A (1)
STYLE # 1209645

$37.99 $49.99

REALTREE AP (340)

MD   LG   XL

SIZE CHART

1

ADD TO CART 🛒



## LEATHER IMPACT GLOVES

★★★★★ (12)   💬 Q&A (5)
STYLE # 1216338

$29.99 $39.99

HEARTHSTONE (284)

SM   MD   LG   XL   XXL

SIZE CHART

1

ADD TO CART 🛒

# Under Armour Speed Gloves

☆☆☆☆☆ **0.0** Be the first to Write a Review

Product #: 254516

**Size:**
Large

[Large] [XL]

**Color:**
Black

[■]

**$27.99**

Quantity: [1]

[Add to Cart]

[Add to Wish List]

**Status:** Available
Ready to ship

**FREE SHIPPING**
Standard Ground

Like 0   Tweet 0   8+1 0

✉ **Email this Page to a Friend**





28.     Under Armour owns, among others, the following valid and subsisting U.S.

federal trademark registrations for its UNDER ARMOUR marks, including many for gloves

(printouts from the PTO database are attached as Exhibit A):

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| UNDER ARMOUR | 2279668 | 09/21/99 | Clothing, namely, t-shirts, long sleeve shirts, mock turtle necks, hats, shorts, shirts, leggings, jersey's, pants, headwear for winter and summer, under wear, tank tops (male and female), winter caps, sweat shirts/pull overs, womens bra in Class 25 |
| UNDER ARMOUR | 3052160 | 01/31/06 | **Gloves** in Class 25; Chin straps for use with protective helmets in Class 9; toiletry kits, sold empty in Class 18; sports bottles, sold empty in Class 21; lanyards for holding mouthpieces, water bottles, eyeglasses, badges, or keys in Class 22; sports towels in Class 24 |
| UNDER ARMOUR | 3638277 | 06/16/09 | Online retail store services featuring apparel, footwear, sporting goods, eyewear, headwear, wrist bands, sweat bands, belts, **gloves**, hand-warmers, plastic water bottles sold empty, watches, sports bags, tote bags, travel bags, backpacks, golf bags, messenger bags, duffel |

| Mark | Reg. No. | Reg. Date | Products/Services |
|------|----------|-----------|-------------------|
|  |  |  | bags, shoe bags for travel, toiletry bags sold empty, wheeled bags, waist packs, sling bags, umbrellas, towels, posters; mobile retail store services featuring apparel, footwear, and sporting goods in Class 35 |
| UNDER ARMOUR | 3642614 | 06/23/09 | Full line of athletic clothing in Class 25 |
| UNDER ARMOUR | 3700135 | 10/20/09 | Clothing for athletic use, namely, padded shirts, padded pants, padded shorts, padded elbow compression sleeves in Class 25; Golf bags; bags specially adapted for sports equipment; golf **gloves**; batting **gloves**; football **gloves**; lacrosse **gloves**; mouth guards for athletic use; cases for holding athletic mouth guards; athletic equipment, namely, guards for the lips; chin pads for athletic use; knee pads for athletic use; elbow pads for athletic use; forearm pads for athletic use; shin guards for athletic use; football girdles; jock straps in Class 28 |
| UNDER ARMOUR | 3712052 | 11/17/09 | Ankle socks, athletic uniforms, baseball caps, baseball shoes, baseball uniforms, baselayer bottoms, baselayer tops, beach footwear, boxer briefs, boxer shorts, briefs, capri pants, children's headwear, coats, dresses, fleece pullovers, football shoes, footwear, foul weather gear, golf caps, golf shirts, golf trousers, hooded pullovers, hunting vests, jogging pants, knit shirts, men's socks, mittens, moisture-wicking sports bras, moisture-wicking sports pants, moisture-wicking sports shirts, polo shirts, rain jackets, rain trousers, rainproof jackets, rainwear, running shoes, short-sleeved or long-sleeved t-shirts, short-sleeved shirts, ski bibs, ski **gloves**, ski jackets, ski pants, ski wear, skorts, sleeveless jerseys, snow pants, snowboard **gloves**, snowboard mittens, snowboard pants, soccer boots, sport shirts, sports bras, sports jerseys, sports pants, sports shirts, sweat bands, sweat pants, tennis wear, thongs, thongs, training shoes, undershirts, unitards, visors, waterproof jackets and pants, wind pants, wind resistant jackets, wind shirts, |

| Mark | Reg. No. | Reg. Date | Products/Services |
|------|---------|-----------|-------------------|
| | | | in Class 25 |
| UNDER ARMOUR | 4225998 | 10/16/12 | Bandanas; Baseball shoes; Basketball sneakers; Beachwear; Bib overalls for hunting; Bikinis; Camouflage **gloves**; Camouflage jackets; Camouflage pants; Camouflage shirts; Camouflage vests; Cleats for attachment to sports shoes; Fishing shirts; Football shoes; Golf shorts; Hunting jackets; Hunting pants; Hunting shirts; Men's dress socks; Sneakers; Swimwear; Volleyball jerseys; Yoga pants; Yoga shirts in Class 25 |
| UNDER ARMOUR | 4380298 | 08/06/13 | Light duty utility **gloves**; Reusable plastic water bottles sold empty; Reusable stainless steel water bottles sold empty; Sports bottles sold empty; Squeeze bottle sold empty; Vacuum bottles; Water bottles sold empty; Work **gloves** in Class 21 |
| UNDER ARMOUR | 4143498 | 05/15/12 | Lacrosse sticks; lacrosse stick heads; lacrosse stick shafts; lacrosse stick handles; lacrosse **gloves**; lacrosse arm guards; lacrosse shoulder pads; lacrosse elbow pads; and replacement parts for the foregoing goods in Class 28 |
|  | 3081173 | 04/18/06 | Chin strap pads for use with protective helmets, in Class 9; toiletry kits, sold empty, in Class 18; sports bottles, sold empty, in Class 21; sports towels, in Class 24; **gloves** in Class 25 |
|  | 3138451 | 09/05/06 | Clothing, namely, **gloves** and shirts in Class 25 |
|  | 3663142 | 08/04/09 | Full line of athletic clothing, headwear, footwear, **gloves** in Class 25 |

29.    Under Armour also owns, among others, the following valid and subsisting U.S.

trademark registrations for the ARMOUR mark per se, and other ARMOUR-formative marks,

including many for gloves (printouts from the PTO database are attached as Exhibit B):

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| ARMOURBLOCK | 3069215 | 03/14/06 | **Gloves**, socks, hoods, shirts, T-shirts, leggings, pants, underwear, and tank tops in Class 25 |
| ARMOUR | 3392904 | 03/04/08 | Clothing, excluding golf clothing, namely, shorts, shirts, polo shirts, pants, jackets, vests and **gloves** in Class 25 |
| ARMOUR STRETCH | 3504324 | 09/23/08 | Jackets, pullovers, vests, **gloves** in Class 25 |
| ARMOURSTORM | 3622968 | 05/19/09 | Bib overalls, coats, **gloves**, jackets, mittens, pants in Class 25 |
| ARMOUR GRABTACK | 3684393 | 09/15/09 | Football **gloves** in Class 28 |
| ARMOUR REACTACK | 3684394 | 09/15/09 | Football **gloves** in Class 28 |
| ARMOURMESH | 4342997 | 05/28/13 | Football **gloves** in Class 28 |
| BABY ARMOUR | 4088633 | 01/17/12 | Baby bodysuits; Baby bottoms; Baby tops; Children's and infant's apparel, namely, jumpers, rompers and one-piece garments; Footwear; Hooded pullovers; Hooded sweat shirts; Infant and toddler one piece clothing; Infant wear; Infants' trousers; Jackets; One piece garment for infants and toddlers; Pants; Play suits; Shirts; Short-sleeved shirts; Shorts; Sweat pants; Sweat shirts; Sweat suits; Tops in Class 25 |
| BABY ARMOUR | 3541792 | 12/02/08 | Children's clothing, namely, socks, cloth eating bibs, bib overalls, and hats in Class 25 |
| GAMEDAY ARMOUR | 4094318 | 01/31/12 | Clothing, namely, shirts, t-shirts, short-sleeved shirts, shorts; clothing for athletic use, namely, padded shorts; clothing for athletic use, namely, padded shirts in Class 25 |
| ARMOURFUSION | 3646904 | 06/30/09 | Sunglasses in Class 9 |
| ARMOURLOFT | 3662480 | 08/04/09 | Jackets; Vests in Class 25 |
| ARMOURFORM | 3655849 | 07/14/09 | Footwear in Class 25 |
| ARMOURZONE | 3800485 | 06/08/10 | Jackets; Pants; Ski jackets; Ski pants; Snow pants; Snowboard pants in Class 25 |
| ARMOURCHILL | 4112397 | 03/13/12 | Clothing, namely, beanies, hats, headwear, vests in Class 25 |
| ARMOURSIGHT | 3861988 | 10/12/10 | Eyewear; sunglasses; lenses for sunglasses in Class 9 |
| ARMOURGRIP | 3880602 | 11/23/10 | Leggings; Longsleeved shirts; Moisture-wicking sports shirts; Pants; Shirts; Short-sleeved shirts; Socks; T-shirts in Class 25 |
| ARMOURFIT | 3938546 | 03/29/11 | Socks in Class 25 |

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| ARMOURGRID | 4032523 | 09/27/11 | Jerseys; Pants; Shorts; Clothing, namely, athletic uniforms in Class 25 |
| ARMOUR | 3720012 | 12/01/09 | Clothing, excluding golf clothing, namely, hooded sweat shirts, crew neck shirts, long sleeve shirts, pullover shirts, and sweat pants In Class 25 |
| ARMOUR | 3970978 | 05/31/11 | Footwear, excluding golf footwear in Class 25 |
| ARMOUR | 4059967 | 11/22/11 | Clothing, excluding golf clothing, namely, socks, bras, scarves, headwear, hats, caps, baseball caps, visors, beanies, headbands, neck gaiters, mittens, hand-warmers, belts, football cleats in Class 25 |
| ARMOUR | 4133248 | 04/24/12 | Clothing, excluding golf clothing, namely, headwear, hats, caps, baseball caps, beanies and bras, in Class 25 |

30.     Under Armour also owns the following valid and subsisting Maryland trademark registrations for its famous UNDER ARMOUR and ARMOUR marks, among others:

| Mark | Reg./App. No. | Reg./Filing Date | Products/Services |
|---|---|---|---|
| UNDER ARMOUR | 2009-0055 | 05/01/09 | Footwear, athletic footwear, clothing, namely, shirts, shorts, pants, headwear, hats, baseball hats, caps, t-shirts, long sleeve shirts, short sleeve shirts, polo shirts, sweatpants, sweatshirts, hooded sweatshirts, jerseys, turtle necks, mock turtle necks, pullovers, underwear, brassieres, headbands, wristbands, socks, athletic socks, dress socks, skirts, skorts, athletic sleeves, hoods, skull wraps, skull caps, vests, leggings, tank tops, bras, sports bras, girdles, **gloves**, belts, hand-warmers, jackets, coats, unitards, baby clothing, bib overalls, snow pants, moisture-wicking shirts, compression shirts, compression pants, compression shorts, long underwear; full line of athletic clothing; clothing for athletic use, namely, padded shirts, padded pants, padded shorts, padded elbow compression sleeves in Class 39 |

| Mark | Reg./App. No. | Reg./Filing Date | Products/Services |
|------|---------------|------------------|-------------------|
| UNDER ARMOUR | 2009-0057 | 05/01/09 | Chin straps for use with protective helmets, sports **gloves**, golf **gloves**, batting **gloves**, football **gloves**, lacrosse **gloves**, mouth guards for athletic use, athletic equipment, namely, guards for the lips, chin pads for athletic use, knee pads for athletic use, elbow pads for athletic use, forearm pads for athletic use, shin guards for athletic use, football girdles, protective athletic cups, jock straps, sports bottles, sold empty in Class 22 |
| UNDER ARMOUR | 2009-0059 | 05/01/09 | Bags, sport bags, travel bags, duffel bags, backpacks, sack pacs, reservoir backpacks, toiletry kits, sold empty, golf bags, bags specially adapted for sports equipment in Class 3 |
| UNDER ARMOUR | 2009-0058 | 05/01/09 | Retail, online retail, and mobile retail store services featuring apparel, footwear, sporting goods, and accessories in Class 53 |
| UNDER ARMOUR | 2009-0056 | 05/01/09 | Sunglasses, lenses for sunglasses, visors for use with helmets, watches, lanyards for holding mouthpieces, water bottles, eyeglasses, badges, or keys, magnetic coded gift cards, electronic gift cards, sports towels in Class 50 |
| ARMOUR | 2012-0227 | 12/18/12 | Clothing, excluding golf clothing, namely arm warmers, baseball caps, beanies, bottoms, bras, caps, crew neck shirts, **gloves**, hats, headwear, hooded sweat shirts, hoods, jackets, long sleeve shirts, pants, polo shirts, pullover shirts, shirts, shorts, sweat pants, tops and vests; Footwear, excluding golf footwear in Class 39 |

## DEFENDANT AND ITS WRONGFUL ACTIVITIES

31.     Without Under Armour's authorization or approval, Defendant has been offering, selling, and promoting gloves under the brand names ARMORCORE and WINTER ARMOR.

32.     Specifically, Defendant has been selling cold-weather gloves under the WINTER

ARMOR brand.  Additionally, like Under Armour, Defendant's WINTER ARMOR gloves use

MOSSY OAK brand camouflage:





**Defendant's Mossy Oak WINTER ARMOR Gloves**



**UNDER ARMOUR Mossy Oak Gloves**

33.     Defendant uses the ® symbol with WINTER ARMOR multiple times on product

packaging, even though Defendant never registered (or applied to register) that mark, e.g.:



34.     Defendant has also been selling utility/protective gloves under the

ARMORCORE brand:



35.     On June 1, 2012, Defendant filed intent-to-use trademark Application Serial No. 85641485 with the PTO for the mark ARMORCORE for "mixed fiber fabric; fabric for use in the manufacture of protective gloves and clothing" in Class 24.  Under Armor opposed this application before the Trademark Trial and Appeal Board.  (*See Under Armour, Inc. v. Mechanix Wear, Inc.*, Opp. No. 91209352).

36.     Defendant's infringing gloves are available through some of the same retail channels as Under Armour's ARMOUR-branded products, including Walmart, AMAZON.COM, and EBAY.COM.

37.     Under Armour has repeatedly asked Defendant to stop its use of the WINTER ARMOR and ARMORCORE marks on gloves, but Defendant refused.

38.     Fully aware of Under Armour's rights, Defendant has acted knowingly, willfully, in reckless disregard of those rights, and in bad faith.

**INJURY TO UNDER ARMOUR AND THE PUBLIC**

39.     Defendant's unauthorized use and/or registration of the WINTER ARMOR and ARMORCORE marks as glove brands are likely to cause confusion, mistake, and deception as to the source or origin of Defendant's products, and are likely to falsely suggest a sponsorship,

connection, or association between Defendant, its products, and/or its commercial activities with Under Armour.

40.     Defendant's unauthorized use and/or registration of the WINTER ARMOR and ARMORCORE marks as glove brands have diluted and are likely to continue to dilute the distinctiveness and value of Under Armour's famous UNDER ARMOUR mark.

41.     Defendant's misuse of the ® symbol is false and misleading and is likely to cause confusion, mistake, and deception as to the status, registration, and ownership of the WINTER ARMOR mark.

42.     Defendant's acts, described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Under Armour and its ARMOUR Marks.

43.     Defendant's acts, described above, have irreparably injured, and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

44.     Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 43 of this Complaint.

45.     Without Under Armour's consent, Defendant used and continues to use in commerce reproductions, copies, and colorable imitations of Under Armour's registered ARMOUR Marks in connection with the offering, distribution, and advertising of goods, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CLAIM FOR RELIEF
### Trademark Infringement, False Designation
### of Origin, Passing Off, and Unfair Competition
### Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

46.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 45 of this Complaint.

47.     Defendant's actions, as described above, are likely to cause confusion, or to cause

mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products,

and/or its commercial activities by or with Under Armour, and thus constitute trademark

infringement, false designation of origin, passing off, and unfair competition in violation of

Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## THIRD CLAIM FOR RELIEF
### Trademark Dilution Under Section
### 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

48.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 47 of this Complaint.

49.     Under Armour's UNDER ARMOUR mark is famous, as that term is used in 15

U.S.C. § 1125(c), and was famous before Defendant's first use of the WINTER ARMOR and

ARMORCORE marks, based on, among other things, the inherent distinctiveness and federal

registration of Under Armour's UNDER ARMOUR mark and the extensive nationwide use,

advertising, promotion, and recognition of that mark.

50.     Defendant's actions, as described above, are likely to dilute the distinctive quality

of Under Armour's famous UNDER ARMOUR mark by blurring in violation of Section 43(c)

of the Lanham Act, 15 U.S.C. §1125(c), as amended by the Trademark Dilution Revision Act of

2006.

**FOURTH CLAIM FOR RELIEF**
**False Advertising Under Section**
**43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)**

51.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 50 of this Complaint.

52.     Defendant's actions, as described above, constitute false and misleading

descriptions and misrepresentations of fact in commerce which, in commercial advertising and

promotion materially misrepresent the nature, characteristics, and qualities of Defendant's

products in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).


**FIFTH CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Md. Code Bus. Reg. § 1-414 *et seq.***

53.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 52 of this Complaint.

54.     Defendant's use, without the consent of Under Armour, of a reproduction and/or

colorable imitation of Under Armour's registered ARMOUR Marks in connection with the sale,

offering for sale, and/or advertising of goods or services, is likely to cause confusion, or to

deceive as to the origin of the goods or services, and thus constitutes trademark infringement in

violation of Md. Code Bus. Reg. § 1-414 *et seq.*

55.     Defendant's reproduction and/or colorable imitation of Under Armour's

registered ARMOUR Marks and application of that reproduction and/or colorable imitation to

Defendant's advertising, labels, prints, receptacles, signs, or wrappers that are intended to be

used with goods or services and/or in conjunction with the sale or other distribution of goods or

services in Maryland constitutes trademark infringement in violation of Md. Code Bus. Reg.

§ 1-414 *et seq.*

22

## SIXTH CLAIM FOR RELIEF
### Trademark Infringement, False Advertising, and Unfair Competition
### Under Maryland Common Law

56.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 55 of this Complaint.

57.     Defendant's actions, as described above, are likely to cause confusion, or to cause

mistake, or to deceive as to the affiliation, connection, or association of Defendant with Under

Armour, or as to the origin, sponsorship, or approval of Defendant, its products, and its

commercial activities by or with Under Armour such that Defendant's acts constitute

infringement of Under Armour's proprietary rights in its ARMOUR Marks, misappropriation of

Under Armour's goodwill in those marks, and unfair competition under Maryland common law.

58.     Defendant's actions, as described above, constitute false and misleading

descriptions and misrepresentations of fact in commerce which, in commercial advertising and

promotion materially misrepresent the nature, characteristics, and qualities of Defendant's

products and constitute false and deceptive advertising under Maryland common law.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Under Armour respectfully demands a trial by jury on all

issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Under Armour respectfully requests that this Court enter judgment in its

favor on each and every claim for relief set forth above and award it relief, including but not

limited to the following:

A.  An Order declaring that Defendant's use of Defendant's WINTER ARMOR and

ARMORCORE marks as glove brands infringes Under Armour's ARMOUR Marks, dilutes

Under Armour's UNDER ARMOUR mark, and constitutes unfair competition under federal and/or state law, as detailed above;

B.  An Order declaring that Defendant's use of the ® symbol in connection with WINTER ARMOR constitutes false advertising and unfair competition under federal and state law, as detailed above;

C.  A permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1.     From using, registering, or seeking to register Defendant's WINTER ARMOR and ARMORCORE marks as glove brands, in any form, including but not limited to in connection with any other wording or designs, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to any of Under Armour's ARMOUR Marks and/or dilutive of Under Armour's UNDER ARMOUR mark;

2.     From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Under Armour or sponsored by or affiliated with Under Armour in any way;

3.     From using the ® symbol in connection with WINTER ARMOR or any other unregistered mark; and

4.     From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs B(1) through (3) above;

D.     An Order directing Defendant to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things

that contain or bear Defendant's WINTER ARMOR, ARMORCORE, or any other marks, logos, designs, designations, or indicators that are confusingly similar to or dilutive of any of Under Armour's ARMOUR Marks in connection with gloves;

     E.     An Order directing the Director of the PTO to abandon Trademark Application Serial No. 85641485 for the mark ARMORCORE with prejudice;

     F.     An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on Under Armour's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

     G.     An Order requiring Defendant to account for and pay to Under Armour any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg. § 1-414 *et seq.*;

     H.     An Order requiring Defendant to pay Under Armour damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg. § 1-414 *et seq.*;

     I.     An Order requiring Defendant to pay Under Armour all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

     J.     An Order requiring Defendant to pay Under Armour punitive damages for trademark infringement and unfair competition under Maryland common law; and

     K.     Other relief as the Court may deem appropriate.

Dated:  March 11, 2014                    Respectfully submitted,

                                          */s/  Douglas A. Rettew*
                                          Douglas A. Rettew (29815)
                                          Danny M. Awdeh
                                          Anna B. Naydonov
                                          FINNEGAN, HENDERSON,
                                             FARABOW, GARRETT &
                                          DUNNER, L.L.P.
                                          901 New York Avenue, N.W.
                                          Washington, D.C.  20001-4413
                                          (202) 408-4000 (phone)
                                          (202) 408-4400 (fax)
                                          Email: doug.rettew@finnegan.com
                                          Email: danny.awdeh@finnegan.com
                                          Email: anna.naydonov@finnegan.com

                                          Attorneys for Plaintiff
                                          Under Armour, Inc.